## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

| | |
|---|---|
| DEANNA DOBSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) Case No: 5:22-cv-00210-KKC |
| MID-AMERICA CONVERSION SERVICES, LLC. | ) |
| | ) |
| | ) |
| DEFENDANT. | ) |

## ANSWER

Defendant Mid-America Conversion Services, LLC, ("Defendant") in response to the Complaint and Demand for Jury Trial filed against it by Plaintiff, Deanna Dobson ("Plaintiff"), hereby asserts the following affirmative defenses and makes the following answer:

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against the Defendant upon which relief can be granted.

## SECOND DEFENSE

The accommodations sought by Plaintiff were unreasonable and created an undue hardship on the conduct of Defendant's business.

## THIRD DEFENSE

Defendant denies discriminating against or retaliating against Plaintiff, and any actions taken with respect to Plaintiff were not based in any manner on alleged protected activity. All decisions made and actions taken by Defendant were based on legitimate, nondiscriminatory, and

non-pretextual reasons and were in good faith, without malice, and without any intent to injure or harm Plaintiff and were, therefore, not in violation of any law.

### FOURTH DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to justify an award of punitive damages against Defendant.

### FIFTH DEFENSE

Plaintiff has failed to mitigate some or all of her alleged damages, and Plaintiff's recovery, if any, should be reduced or barred accordingly.

### SIXTH DEFENSE

To the extent applicable, Plaintiff's claims, in whole or in part, are barred as Defendant fulfilled its obligations to Plaintiff to engage in the interactive process.

### SEVENTH DEFENSE

Without admitting that Plaintiff has suffered damages, any damages awarded to Plaintiff must be reduced by any amount of income earned by Plaintiff subsequent to her separation from employment with Defendant.

### EIGHTH DEFENSE

Any act or omission which might be found to have violated any provision of the Americans with Disabilities Act was done in good faith, was based on reasonable grounds for believing that such act or omission was not a violation of any such statute(s), and was not willful, wanton, negligent, malicious or with reckless disregard to Plaintiff's rights, such that no liquidated or punitive damages should be awarded.

### NINTH DEFENSE

Defendant relies upon the doctrines of estoppel, laches, and waiver to the extent applicable

to the facts of this cause.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

## ANSWER TO SPECIFIC ALLEGATIONS

For Answer to the specific allegations contained in the Complaint, Defendant states as follows:

1. Defendant admits the allegations of Paragraph 1 upon information and belief.

2. Defendant admits that it is a limited liability company organized under the laws of Delaware and that it conducts business in Kentucky and other states. Defendant further admits that Plaintiff is a former employee of Defendant and that the employment relationship between Plaintiff and Defendant during Plaintiff's employment was subject to the provisions of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 and KRS Chapter 344. All remaining allegations are denied.

3. Denied.

4. In response to Paragraph 4, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

5. Defendant admits that it bid for and was awarded a federal government contract to manage the Depleted Uranium Hexafluoride (DUF6) Conversion Facilities at the U.S. Department of Energy sites near Paducah, Kentucky and Portsmouth, Ohio (the "Contract").

6. Defendant admits that Plaintiff was employed by a predecessor contractor and that such employment commenced, upon information and belief, in 2011. Defendant is without

knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 6 and therefore, Defendant denies said allegations.

7. Defendant admits that it began work on the Contract in 2017 and that Ms. Dobson was hired into the role of Programmer/Analyst Lead within Defendant's IT Department. Any remaining allegations are denied.

8. Defendant avers Plaintiff's performance appraisals speak for themselves, and, are, therefore, the best evidence of their contents. Any remaining allegations are denied.

9. Defendant admits that in March of 2020 it significantly curtailed operations due to the COVID-19 pandemic and that Plaintiff and certain other employees were permitted to work remotely during this period of curtailment. Any remaining allegations are denied.

10. Denied.

11. Defendant admits that Plaintiff was responsible for supporting three of Defendant's locations at all times during her employment, and that Plaintiff was rated "meets expectations" on her annual performance reviews. All remaining allegations are denied.

12. Defendant avers the Executive Order to which Plaintiff is referring in Paragraph 12 speaks for itself and is, therefore, the best evidence of its contents.

13. Defendant avers that the MCS Covid-19 Vaccination Policy, DUF6-POL-084 referenced in Paragraph 13 speaks for itself and is, therefore, the best evidence of its contents.

14. Defendant admits that Plaintiff submitted a Request for Medical Exemption from COVID-19 Vaccine Form and a Request for Religious Exemption from COVID-19 Vaccine or Testing Form to Defendant and that such documents speak for themselves and are, therefore, the best evidence of their contents. Any allegations not consistent with the aforementioned documentation are specifically denied.

15. Defendant avers that the MCS COVID-19 Vaccination Policy, DUF6-POL-084 and Plaintiff's Request for Medical Exemption from COVID-19 Vaccine Form speak for themselves and are, therefore the best evidence of their contents. Any allegations not consistent with the aforementioned documentation are specifically denied.

16. Defendant avers Plaintiff's Request for Religious Exemption from COVID-19 Vaccine or Testing Form speaks for itself, and is, therefore, the best evidence of its contents.

17. Defendant admits that Plaintiff's exemption requests were timely and were procedurally submitted consistent with Defendant's policy. All remaining allegations are denied.

18. Defendant denies Plaintiff received a "form" letter. Defendant avers the October 21, 2021 letter speaks for itself and is, therefore, the best evidence of its contents. Any remaining allegations are denied.

19. Defendant avers the October 21, 2021 letter speaks for itself and is, therefore, the best evidence of its contents. All remaining allegations are denied.

20. Defendant admits Plaintiff submitted an appeal to Defendant with respect to her accommodation requests, and that in response, Defendant sent Plaintiff a letter dated November 11, 2021. Defendant avers the November 11, 2021 letter speaks for itself, and is, therefore, the best evidence of its contents. Defendant further admits that during Plaintiff's employment, Plaintiff worked with Defendant's Application Development team and that certain vaccinated office workers working at Defendant's Lexington, Kentucky location have flexible work schedules which allow them to work remotely from time to time and there is not currently a firm date requiring all said workers return to the office. All remaining allegations are denied.

21. Defendant admits Plaintiff's employment with Defendant was terminated on December 1, 2021. Defendant denies all remaining allegations.

22. Denied.

23. Denied.

24. Defendant admits that Mr. Scott Nicholson was employed as Defendant's Environmental, Safety, Health, & Quality Assurance Director during 2021 and that Mr. Nicholson participated in COVID Steering Committee meetings and did, for a period of time, serve as chair of the COVID Steering Committee. The remaining allegations are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendant avers that the Notice of Right to Sue speaks for itself and is, therefore, the best evidence of its contents.

## COUNT I

30. In response to Paragraph 30, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

31. Denied.

32. The allegations contained in Paragraph 32 call for a legal conclusion to which not response is required. To the extent the allegations of Paragraph 32 are considered factual allegations, such allegations are denied.

33. Denied.

34. Denied.

35. The allegations contained in Paragraph 35 call for a legal conclusion to which not response is required. To the extent the allegations of Paragraph 35 are considered factual allegations, such allegations are denied.

36. The allegations contained in Paragraph 36 call for a legal conclusion to which not response is required. To the extent the allegations of Paragraph 36 are considered factual allegations, such allegations are denied.

37. The allegations contained in Paragraph 37 call for a legal conclusion to which not response is required. To the extent the allegations of Paragraph 37 are considered factual allegations, such allegations are denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT II
### RELIGIOUS DISCRIMINATION AND FAILURE TO ACCOMMODATE SINCERELY HELD RELIGIOUS BELIEF

45. In response to Paragraph 45, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

46. The allegations contained in Paragraph 46 call for a legal conclusion to which no response is required. To the extent the allegations of Paragraph 46 are considered factual allegations, such allegations are denied.

47. The allegations contained in Paragraph 47 call for a legal conclusion to which no response is required. To the extent the allegations of Paragraph 47 are considered factual allegations, such allegations are denied.

48. Defendant admits that Plaintiff's submitted a request for a religious accommodation and Defendant avers that request speaks for itself and is, therefore, the best evidence of its contents. All remaining allegations as to Defendant are denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## COUNT III
## RETALIATION

55. In response to Paragraph 55, Defendant restates and incorporates the foregoing paragraphs above as if fully set forth herein.

56. The allegations contained in Paragraph 56 call for a legal conclusion to which not response is required. To the extent the allegations of Paragraph 56 are considered factual allegations, such allegations are denied.

57. The allegations contained in Paragraph 57 call for a legal conclusion to which not response is required. To the extent the allegations of Paragraph 57 are considered factual allegations, such allegations are denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

### **RELIEF REQUESTED**

Defendant denies that Plaintiff is entitled to any relief she seeks in her prayer for relief contained in the Complaint. Defendant further denies that Plaintiff is entitled to a permanent injunction or to recover any damages, actual, compensatory or punitive/liquidated, on any of the claims asserted by her, or that she is entitled to any other relief which she seeks.

WHEREFORE, having fully answered, Defendant respectfully submits that the action against it should be dismissed in its entirety and that Defendant be awarded its costs incurred in defense of this action and any further relief to which the Court may determine Defendant to be entitled.

Dated this 30th day of November, 2022.

        Respectfully submitted,

        By: *s/ Mary Leigh Pirtle*
        Mary Leigh Pirtle (TN BPR# 026659)*
        Laura M. Mallory (TN BPR# 031917)*
        BASS, BERRY & SIMS PLC
        150 Third Avenue South, Suite 2800
        Nashville, Tennessee 37201
        Telephone: (615) 742-6200
        Facsimile: (615) 742-6293
        mpirtle@bassberry.com
        laura.mallory@bassberry.com
        *Admitted *Pro Hac Vice*

        Richard G. Griffith
        Elizabeth S. Muyskens
        Stoll Keenon Ogden PLLC
        300 West Vine Street, Suite 2100
        Lexington, KY 40507
        Telephone: (859) 231-3000
        Facsimile: (859) 253-1093
        richard.griffith@skofirm.com
        elizabeth.muyskens@skofirm.com

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of November, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Christopher D. Miller
Arnold & Miller, P.L.C.
121 Prosperous Place, Suite 6B
Lexington, KY 40509
Cmiller@arnoldmillerlaw.com

*Counsel for Plaintiff*

                                                *s/ Mary Leigh Pirtle*
                                                Mary Leigh Pirtle

34348211.6